NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

STANLEY W. GEE, *Appellant.*

No. 1 CA-CR 22-0355
FILED 7-11-2023

---

Appeal from the Superior Court in Maricopa County
No.  CR2021-111944-001
The Honorable Roy C. Whitehead, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Rebecca Jones
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Daniel Fenzel
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Jennifer B. Campbell joined.

---

**W E I N Z W E I G**, Judge:

**¶1**         Defendant Stanley Gee appeals his convictions and sentences for two counts of forgery.  Because he fails to show prejudice, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**         Defendant worked for a staffing agency that supplied in-home care to elderly and disabled clients, including Ronda and Reggie, who Defendant visited to help with ordinary tasks.[1]

**¶3**         Around this time, Ronda and Reggie discovered that someone had drawn forged checks on their banking accounts.  Ronda reported a forged check for $568 made out to "Cinnabar 1025," an apartment complex.  Police later learned that Defendant lived at Cinnabar Apartments in unit 1025.  Reggie reported a forged check for $300 made out to Defendant.  Defendant was arrested for two counts of forgery.

**¶4**         Reggie died about six months before trial, and his sister intended to testify at trial about her communications with Reggie concerning the investigation.  Defendant successfully moved to preclude her testimony about investigation-related communications with Reggie under the hearsay rule.

**¶5**         At a four-day jury trial, the court heard testimony from Defendant and several witnesses, including Reggie's sister.  She testified that she lived with her brother during the relevant period, helped him pay his bills and noticed the forged check.  She also testified that she and Reggie jointly filed the police report and followed the investigation together.  The prosecutor asked Reggie's sister about her brother's assertions regarding the forgery investigation.  Defendant made several objections; some were sustained, others overruled.

---

[1]      We use pseudonyms to protect the victims' identities.  *See* Ariz. Sup. Ct. R. 111(i).

**¶6**        Defendant unsuccessfully moved for a mistrial, and then moved to dismiss for prosecutorial error.  The jury convicted Defendant of two counts of forgery, both class 4 felonies, and the court sentenced him to two concurrent three-year sentences with 87 days of pre-sentence incarceration credit.

**¶7**        After trial but before sentencing, Defendant moved for a new trial under Rule 15, Ariz. R. Crim. P., and *Brady v. Maryland*, 373 U.S. 83 (1963), pointing to new footage he received from a responding police officer's body camera, which included witness statements.  Defendant argued the footage was relevant for impeachment because it showed that Ronda made inconsistent statements about how frequently she wrote checks.  The superior court denied the motion after watching the footage at an evidentiary hearing, and found "no violation of Brady."

**¶8**        Defendant timely appealed.  We have jurisdiction.  *See* Ariz. Const. art. VI, § 9 and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶9**        Defendant raises two arguments on appeal.

## I.        Disclosure Issue

**¶10**        First, Defendant argues the superior court should have granted his motion for a new trial under Rule 15 and *Brady* based on the State's post-conviction disclosure of the body camera footage.

**¶11**        We review the superior court's ruling for an abuse of discretion.  *See State v. Arvallo*, 232 Ariz. 200, 201, ¶ 7 (App. 2013).  We defer to the trial court's factual findings unless clearly erroneous, *State v. O'Dell*, 202 Ariz. 453, 456–57, ¶ 8 (App. 2002), and we do not reweigh the evidence, *State v. MacHardy*, 254 Ariz. 231, 241, ¶ 29 (App. 2022).

**¶12**        The prosecution must "disclose all plainly exculpatory evidence within its possession and violates due process if it fails to do so." *O'Dell*, 202 Ariz. at 457, ¶ 10; *see also Brady*, 373 U.S. at 87 ("[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.").

**¶13**        Defendant claims the State violated *Brady* by failing to produce the body camera footage; but failure to disclose potentially exculpatory evidence is not enough to warrant a new trial. *See State v. Bracy*,

145 Ariz. 520, 528 (1985) (suppressed evidence must also be "material"). Defendant must show that he suffered prejudice, meaning "the undisclosed material would have created a reasonable doubt had it been presented to the jury." *State v. Dumaine*, 162 Ariz. 392, 405 (1989).

**¶14** Defendant has shown no prejudice here. The court found the evidence was merely cumulative. Even without the body camera footage, the record has ample evidence to support the court's ruling. For starters, Defendant wrote one check to himself and the other to his apartment complex for his rent. The court did not abuse its discretion.

## II. Hearsay

**¶15** Defendant argues prosecutorial misconduct, too. He contends the prosecutor asked questions of Reggie's sister that exceeded the court's earlier ruling on Defendant's motion in limine. We review that argument for an abuse of discretion. *See State v. Gonzales*, 105 Ariz. 434, 437 (1970).

**¶16** Here again, Defendant must prove prejudice—namely, that a reasonable jury could have reached a different verdict without the error. *State v. Escalante*, 245 Ariz. 135, 144, ¶ 29 (2018) (citation omitted). He has not. Defense counsel successfully objected during these questions, and the court instructed the jury to disregard all stricken statements. We presume the jury follows the instructions. *See State v. Gallardo*, 225 Ariz. 560, 569, ¶ 40 (2010). No reasonable likelihood exists here that the questions influenced the verdict.

### CONCLUSION

**¶17** We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA

4